UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTOR M. LONG, JR.,

                                  Plaintiff,

                                                                                             Case # 19-CV-6422-FPG

v.

                                                                                             DECISION AND ORDER

CORNING INCORPORATED,

                                  Defendant.

## INTRODUCTION

*Pro se* Plaintiff, Victor M. Long, Jr., brings this action pursuant to Title VII of the Civil Rights Act and New York State Human Rights Law ("NYSHRL") for employment discrimination and retaliation and a hostile work environment based on race and religion. Plaintiff also alluded to discrimination and retaliation claims under the Americans with Disabilities Act ("ADA").[1] ECF No. 1. Defendant Corning Incorporated has brought a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 10. For the reasons that follow, Defendant's motion is GRANTED.

## LEGAL STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550

---

[1] On the Court-provided *pro se* complaint form, Plaintiff checked the boxes indicating his lawsuit arose under Title VII and the NYSHRL only. ECF No. 1 at 1. Plaintiff also checked boxes indicating complaints of termination of his employment, failure to provide reasonable accommodations, harassment based on unequal terms and conditions of employment, retaliation for complaining about discrimination and harassment, and described in the "other" section that he was complaining of "cohersion" [sic] and "undue influence." ECF No. 1 at 4. Construing Plaintiff's Complaint "to raise the strongest arguments that [it] *suggest[s]*," *Triestman v. Fed. Bureau of Prisons*, 470, F.3d 471, 474 (2d Cir. 2006) (emphasis in original), the Court considers Plaintiff's other potential claims under the ADA.

1

U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A court must liberally construe *pro se* pleadings, but such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotation and citation omitted).

Generally, a court will give a *pro se* plaintiff a chance to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quotation and citation omitted). However, a court may properly deny leave to amend pleadings where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**BACKGROUND**

In February 2018, while employed by Defendant as a CVD Module Supervisor, Plaintiff alleges he met with "upper level management" to discuss his first 90 days in that role. ECF No. 1 at 5. During that meeting, he communicated health issues he had from an unspecified chronic

illness, which was exacerbated by stress and would require surgery. ECF No. 1 at 5. Plaintiff also complained about other employees creating a hostile work environment and asked for unspecified accommodations to assist him in performing the essential functions of his job. ECF No. 1 at 5. Plaintiff alleges he was retaliated against for bringing his health and work issues to light by being placed on a performance improvement plan ("PIP") in March 2018. ECF No. 1 at 3, 5.

Plaintiff had surgery in early May 2018. ECF No. 1 at 7. Plaintiff returned to work on May 14, 2018 and was fired that day. ECF No. 1 at 7. Plaintiff signed a contract which included a separation agreement, acceptance of severance offer, and a general release (collectively, the "Separation Agreement") on May 28, 2018. ECF No. 1 at 19-21. The Separation Agreement released Defendant from, *inter alia*, any Title VII, Americans with Disabilities Act ("ADA"), and "any other federal or state law" claims Plaintiff had against it and gave Plaintiff twelve weeks of severance pay. ECF No. 1 at 19, 21. Plaintiff had two weeks to consult with an attorney before signing, and seven days after signing to revoke the agreement. ECF No. 1 at 20. Plaintiff met with Defendant's employment lawyer a day after signing the agreement. ECF No. 1 at 5, 7. Plaintiff claims he "was of myself but not in [a] due state of mind to sign" the Separation Agreement and that he signed it under duress. ECF No. 1 at 3.

Plaintiff filed his claims with the New York State Division of Human Rights ("NYSDHR"). ECF No. 1 at 22-23. The NYSDHR found that Plaintiff signed a valid release of his claims against Defendant. ECF No. 1 at 22. Plaintiff's NYSDHR complaint was also filed with the EEOC pursuant to Title VII and the Age Discrimination in Employment Act ("ADEA") only. ECF No. 1 at 23. Plaintiff then filed the present action. ECF No. 1.

**DISCUSSION**

Defendant argues that Plaintiff's claims are barred by the Separation Agreement he signed (ECF No. 10-1 at 14-20) and that, in any event, Plaintiff has not met the pleading standard for asserting his claims. ECF No. 10-1 at 25-35. Plaintiff added more facts in his response to Defendant's motion which he argues satisfies the pleading standard.[2] *See* ECF No. 13. Plaintiff also argues he lacked capacity to sign the Separation Agreement. ECF No. 1 at 3, 5. The Court agrees with Defendant.

**I.  Plaintiff's Failure to Plead Title VII Claims**

**A.  Plaintiff's Title VII Discrimination Claims**

On a motion to dismiss a Title VII discrimination claim, "a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).

Plaintiff's claims for discrimination based on race and religion both must fail because he has not stated either his race or his religion anywhere in the Complaint. ECF No. 1. Moreover, leaving aside the question of whether required adherence to a PIP is an adverse employment action, the Complaint fails to allege how Plaintiff's race or religion could be construed as a motivating factor for the PIP. *See Rissman v. Chertoff*, No. 08 Civ. 7352(DC), 2008 WL 5191394, at *2 (S.D.N.Y. Dec. 12, 2008) (complaint in which plaintiff did not "allege any facts establishing that

---

[2] "In deciding a Rule 12(b)(6) motion, the Court is generally limited to reviewing 'the allegations contained within the four corners of [the plaintiff's] complaint.'" *MacIntyre v. Moore*, 267 F. Supp. 3d 480, 484 n.4 (W.D.N.Y. 2017) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998)); *see also, e.g.*, *Friedl v. City of N.Y.*, 210 F.3d 79, 83-84 (2d Cir. 2000) (finding that a district court errs if it "relies on factual allegations contained in legal briefs or memoranda" when it decides a Rule 12(b)(6) motion). Accordingly, the Court confines its analysis to the allegations in Plaintiff's Complaint and does not consider the additional facts or arguments in his response papers.

this mistreatment was prompted by animus towards him because of his race, religion, or age" could not establish Title VII discrimination claim).

Though Plaintiff checked the boxes on the Court-provided *pro se* complaint form for racial and religious discrimination, without more, "[m]erely checking off boxes . . . does not wholly satisfy [P]laintiff's burden under the Federal Rules of Civil Procedure. Plaintiff must still provide such facts 'showing that the pleader is entitled to relief.'" *Edwards v. Sheehan Memorial Hosp.*, No. 99-CV-0489E(SR), 2000 WL 914131, at *2 (W.D.N.Y. June 19, 2000) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff has failed to do so here. Defendant's Motion to Dismiss it GRANTED with respect to Plaintiff's Title VII discrimination claims.

### B. Plaintiff's Title VII Retaliation Claim

Plaintiff bears the burden of establishing a prima facie case of retaliation. *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d Cir. 2015). Plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Id.* at 316.

Plaintiff's claim fails on the third element. Plaintiff's description of the PIP—that he "asked HR to be a mediator to assist in development of key components of the PIP" and that the "PIP [was] completed and set to commence once [Plaintiff] returned to work from surgery" (ECF No. 1 at 7)—indicates that the PIP would have required Plaintiff to follow a series of requirements, and did not affect his promotion or compensation opportunities.

Being placed on such a PIP is not an adverse employment action for purposes of a Title VII retaliation claim. *Brown v. Am. Golf Corp.*, 99 F. App'x 341, 343 (2d Cir. 2004) (summary order); *see Zoll v. Northwell Health, Inc.*, 16-CV-2063 (JMA) (AYS), 2019 WL 2295679, at *14

(E.D.N.Y. May 30, 2019) ("The Second Circuit has also held, in the context of a Title VII retaliation claim, that being placed on a 'performance improvement plan' or 'PIP' which requires an employee to abide by certain instructions for a period of time to avoid termination, does not constitute an adverse action." (citing *Brown*, 99 F. App'x at 343)).

Accordingly, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's Title VII retaliation claim.

### C.     Plaintiff's Title VII Hostile Work Environment Claim

A prima facie case of a hostile work environment claim involves two showings: (1) that the complained-of conduct "was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment'"; and (2) that there are grounds to hold the employer liable for the harassing employee's conduct. *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)).  "It is axiomatic that the plaintiff also must show that the hostile conduct occurred because of a protected characteristic." *Id.*  Plaintiff again fails to make the requisite showing.

All Plaintiff says is that at his meeting with upper level management, he "complained about process assistants & CVD technician creating a hostile work environment."  ECF No. 1 at 5.  It cannot be gleaned from Plaintiff's Complaint what, if any, conduct could have created a hostile work environment here or to what protected class any purported conduct could have related.  There is also no indication of the pervasiveness or duration of the unspecified conduct or how Defendant is liable for the conduct of a CVD technician.

To the extent Plaintiff's Complaint can be read to infer that placement on the PIP created a hostile work environment, that is plainly insufficient. *See Marcus v. Barilla America NY, Inc.*, 14 F. Supp. 3d 108, 114 (W.D.N.Y. 2014) ("[Plaintiff] also alleges that [defendant] told her that

6

her job performance needed to improve, and placed her on a PIP. . . . [T]he conduct and comments she alleges . . . are insufficient to give rise to a plausible hostile work environment claim.").

Plaintiff's bare and conclusory allusion to a hostile work environment, without more, is insufficient for Plaintiff to make out a Title VII hostile work environment claim. *See id.*

## II. Plaintiff's NYSHRL Claims

As Defendant correctly notes, NYSHRL claims are analyzed under the same framework as Title VII claims. ECF No. 10-1 at 23 n.2; *LeGrand v. Walmart Stores East, LP*, 779 F. App'x 779, 782 (2d Cir. 2019) (summary order). Therefore, for the reasons already articulated, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's NYSHRL claims.

## III. Plaintiff's ADA Discrimination and Retaliation Claims

Even if Plaintiff's Complaint is properly read to encompass claims under the ADA, Plaintiff has not exhausted such claims prior to bringing them in this Court.

"A district court only has jurisdiction to hear claims brought pursuant to the ADA that are either contained in the EEOC charge or that are 'reasonably related' to the claims in the EEOC charge." *Agosta v. Suffolk County*, 981 F. Supp. 2d 167, 172 (E.D.N.Y. 2013). Here, Plaintiff has not provided a copy of his EEOC complaint, but the NYSDHR wrote in its determination that Plaintiff's NYSDHR complaint had been filed with the EEOC pursuant to Title VII and the ADEA only. ECF No. 1 at 23. Thus, any purported ADA claims were not brought before the EEOC.

Accordingly, Plaintiff has not exhausted any potential ADA claims and therefore cannot bring them in this Court.

## IV. Claims Barred by Separation Agreement

Even if Plaintiff had met the pleading standard for his Title VII and NYSHRL claims, and properly exhausted his ADA claims, his claims would be barred by the Separation Agreement he

7

signed releasing Defendant from any employment discrimination claims Plaintiff had against it. ECF No. 1 at 21. The Court therefore declines to extend Plaintiff leave to amend as amendment would be futile.

Knowing and voluntary waivers of Title VII, NYSHRL, and ADA claims are enforceable. *Fletcher v. Palazzo*, 151 F. App'x 73, 75 (2d Cir. 2005) (Title VII claims); *see Loksen v. Columbia Univ.*, No. 12 Civ. 7701(CM), 2013 WL 5549780, at *5-6 (S.D.N.Y. Oct. 4, 2013) (applying standard to waiver of NYSHRL claims, noting "New York law relies on principles of contract law, a standard that is less stringent than the one that applies . . . under federal law. . . . Nevertheless, the 'totality of the circumstances' analysis is still relevant [to] analyzing whether a release is knowingly and voluntarily entered into under New York law."); *Hsueh v. The Bank of New York*, No. 05 Civ.5345 JSR, 2006 WL 2778858, at *3 (S.D.N.Y. Sept. 26, 2006) (ADA claims). The Second Circuit considers a list of factors in evaluating whether a waiver was entered into knowingly and voluntarily:

> 1) the education and experience of the plaintiff; 2) the amount of time the plaintiff had to examine the agreement; 3) the role of the plaintiff in drafting its terms; 4) the agreement's clarity; 5) whether plaintiff was counseled; and 6) whether the consideration given to plaintiff exceeds what was required by law.

*Fletcher*, 151 F. App'x at 75 (citing *Bormann v. AT&T Commc'ns, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989)). "These factors are neither exhaustive nor must all of the factors be satisfied before a release is enforceable." *Laramee v. Jewish Guild for Blind*, 72 F. Supp. 2d 357, 360 (S.D.N.Y. 1999). The Court finds that, the balance of these factors weighing in Defendant's favor, Plaintiff knowingly and voluntarily entered into the Separation Agreement and is therefore barred from litigating the claims at issue here.

First, there are no facts in the record indicating Plaintiff's education level, but there is also nothing in the record that indicates Plaintiff would not have understood the agreement, especially

given that Plaintiff has been able to articulately respond to Defendant's motion. Moreover, it can be deduced from Plaintiff's position as a CVD Module Supervisor that he possessed sufficient education and experience to understand the agreement. *See Mandavia v. Columbia Univ.*, 912 F. Supp. 2d 119, 130 (S.D.N.Y. 2012), *aff'd*, 556 F. App'x 56 (2d Cir. 2014) (summary order) (where plaintiff had not "specified his precise level of education," looking to plaintiff's occupation to determine education and experience level).

Second, Plaintiff does not dispute that he had two weeks to review the agreement prior to signing and another week thereafter to revoke the agreement. *See* ECF No. 1 at 20. This was more than sufficient time to consider the agreement. *Mandavia v. Columbia Univ.*, No. 12 Civ. 2188(JPO), 2013 WL 2391695, at *7 (S.D.N.Y. June 3, 2013), *aff'd*, 556 F. App'x 56 (2d Cir. 2014) (summary order) (finding plaintiff had sufficient time to review agreement where "some of [the agreement's] terms may have been known to him for nearly two weeks" and noting that a few days or even hours can also be sufficient time).

Third, that Plaintiff ostensibly did not play a role in drafting the terms of the agreement does not militate against a finding of voluntariness. *See Cordoba v. Beau Deitl & Assocs.*, No. 02 Civ. 4951(MBM), 2003 WL 22927874, at *5 (S.D.N.Y. Dec. 2, 2003).

Fourth, the agreement very clearly delineates that Plaintiff releases Defendant from

> any and all claims or causes of action of any kind known or unknown, arising out of [Plaintiff's] employment, this Agreement, or [Plaintiff's] termination pursuant to this agreement, including, without limitation, claims of discrimination under the Age Discrimination in Employment Act (ADEA), the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974 (ERISA), the Sarbanes-Oxley Act of 2002, the Worker Adjustment and Retraining Notification Act (WARN) and any other federal or state law.

ECF No. 1 at 21. The terms of the agreement, contained on three type-written pages and written in easily comprehensible language, were sufficiently clear and unambiguous. *See Cordoba*, 2003

9

WL 22927874, at *5 (collecting cases considering the length, style, and clarity of language in upholding validity of waivers).

Fifth, Plaintiff was clearly encouraged to "consult with an attorney" prior to signing the agreement. ECF No. 1 at 20. Plaintiff alleges he was "subject to cohersion [sic] or undue influence by being mandated to sign documents on May 28, 2018 before [Plaintiff] could receive legal counsel on May 29, 2018." ECF No. 1 at 7. He also writes that "lawyer of Corning stated I should sign severance agreement on May 28th 2018 before meeting to speak about termination." ECF No. 1 at 5. Indeed, Plaintiff did meet with Defendant's employment lawyer one day after signing the agreement to discuss "details in Corning's severance agreement and general release." ECF No. 1 at 7. However, this factor does not turn on whether Plaintiff had an opportunity to consult with *Defendant's* legal counsel, but rather whether Plaintiff had any opportunity at all to seek legal counsel. *See Westbrooke v. Bellevue Hosp. Ctr.*, No. 16-CV-9845 (RA), 2018 WL 4189514, at *4 n.4 (S.D.N.Y. Aug. 31, 2018) ("That [plaintiff] may have lacked the funds to hire a private attorney and could not access Defendants' advisors, however, does not mean that Defendants deprived her of a fair opportunity to retain an attorney."). Further, that the agreement encouraged Plaintiff to seek counsel, regardless of whether or not he did, is enough to satisfy this factor. *Smith v. JPMorgan Chase*, No. 15 Civ. 808 (PAE), 2016 WL 5339548, at *7 (S.D.N.Y. Sept. 23, 2016) (collecting cases); *Kramer v. Vendome Grp. LLC*, No. 11 Civ. 5245(RJS), 2012 WL 4841310, at *4 (S.D.N.Y. Oct. 4, 2012) (collecting cases).

Sixth and finally, Plaintiff received 12 weeks of severance pay, which was sufficient consideration. ECF No. 1 at 19; *see Eustace v. Corning, Inc.*, 852 F. Supp. 2d 363, 365-66 (W.D.N.Y. 2012) (upholding identical release agreement that provided plaintiff with 18 weeks of severance pay); *Bachiller v. Turn On Prods., Inc.*, No. 00 Civ. 8701(JSM), 2003 WL 1878416, at

*3 (S.D.N.Y. Apr. 13, 2003) (upholding release agreement that provided plaintiff with "severance pay, compensation to which she was not otherwise entitled").

To the extent that Plaintiff claims he signed the agreement under "duress" and that he "was of myself but not in [a] due state of mind to sign" the agreement (ECF No. 1 at 3), that conclusory claim is not substantiated by any facts in the Complaint. Plaintiff's vague references to a "chronic illness," being under the care of a doctor at the time of signing, and his medical records purporting to show medications he was taking, are insufficient for the Court to draw an inference that Plaintiff lacked capacity to sign the agreement. *See Rivera v. Sovereign Bank*, 976 F. Supp. 2d 270, 273 (E.D.N.Y. 2013) (where plaintiff "never explain[ed] what about her illness impeded reasonable decision-making" finding mere asser[a]ion of mental impairment was insufficient to show plaintiff lacked capacity to sign agreement); *Livingston v. Bev-Pak, Inc.*, 112 F. Supp. 2d 242, 248 (N.D.N.Y. 2000) (noting "a party's capacity is presumed, and, to overcome this presumption, the party carries an extremely heavy burden of demonstrating that he lacked capacity" and upholding waiver where "[n]owhere [did] Plaintiff state in what way or to what extent he was mentally incapacitated, nor [did] he offer any proof to show that he was incapacitated at the time that he signed the release agreement." (internal quotation marks omitted)).

Moreover, that Plaintiff did not repudiate the agreement at any time in the seven-day period post-signing is fatal to his duress allegation. *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 122 (2d Cir. 2001) ("[T]he person claiming duress must act promptly to repudiate the contract or release or he will be deemed to have waived his right to do so." (quotation and citation omitted)).

Accordingly, Plaintiff knowingly and voluntarily signed the Separation Agreement. The Court therefore declines to grant Plaintiff leave to amend his Complaint because amendment would be futile.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 10) is GRANTED.

The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: March 26, 2020
       Rochester, New York

                                                           _____
                                                          HON. FRANK P. GERACI, JR.
                                                          Chief Judge
                                                          United States District Court